DECISION
{¶ 1} Defendant-appellant, Ricardo V. Dodson, appeals from a judgment of the Franklin County Court of Common Pleas finding him to be a sexual predator under R.C. 2950.09.
{¶ 2} Two separate convictions provide the procedural background for this case. In connection with events occurring on September 7, 1990, a Franklin County Grand Jury indicted Ricardo Dodson ("appellant") on three counts of rape, in violation of R.C. 2907.02, one count of attempted rape, in violation of R.C. 2923.02, and one count of kidnapping in violation of R.C. 2905.01. On March 18, 1991, a jury returned a guilty verdict on all counts of the indictment. In addition, but arising from unrelated events on October 17, 1990, appellant was indicted on one count of rape and one count of kidnapping. On April 10, 1991, a jury found appellant guilty on both counts. This court later affirmed both convictions. State v. Dodson (Oct. 24, 1991), Franklin App. No. 91AP-411; State v. Dodson (Oct. 31, 1991), Franklin App. No. 91AP-498, respectively.
{¶ 3} Following the enactment of Ohio's sexual predator statutes, codified in R.C. Chapter 2950, the Ohio Department of Rehabilitation and Correction ("ODRC") recommended that appellant be adjudicated a sexual predator pursuant to R.C. 2950.09. At the January 11, 2002 hearing, the state introduced ten exhibits — the indictment, jury finding, and a partial transcript for each of the aforementioned cases, a collection of records from ODRC, and a psychological evaluation report prepared by Dr. Jaime Lai, a forensic psychiatrist who examined appellant. The defense offered a single exhibit consisting of an array of certificates earned by appellant for his participation in various institutionally sponsored educational and behavioral programs. Dr. Lai testified as a witness for the state, and appellant spoke on his own behalf. After applying the evidence presented to the factors set forth in R.C. 2950.09(B)(3), the court determined that appellant should be classified as a sexual predator. Accordingly, the court finalized that judgment by an entry dated January 14, 2002.
{¶ 4} Appellant has timely appealed and sets forth a single assignment of error:
{¶ 5} "The evidence before the court was legally insufficient to establish that appellant was a sexual predator, subject to the lifetime registration and community notification provisions of Chapter 2950 of the Ohio Revised Code."
{¶ 6} A "sexual predator" is defined as a person who is guilty, by plea or conviction, of committing a sexually oriented offense and who is likely to reoffend by committing future sexually oriented offenses. R.C. 2950.01(E). Appellant does not dispute that he has been convicted of the sexually oriented offense of rape. Instead, he contends that the state failed to prove the likelihood of his committing a sexually oriented offense in the future by clear and convincing evidence. R.C. 2950(B)(4); State v. Cook (1998), 83 Ohio St.3d 404, 408.
{¶ 7} " `Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established.' * * *" State v. Eppinger (2001), 91 Ohio St.3d 158, 164, quoting Cross v. Ledford (1954), 161 Ohio St. 469, 477. While amounting to more than a mere preponderance of the evidence, the clear and convincing standard does not demand the high level of certainty involved in evidence beyond a reasonable doubt. Eppinger.
{¶ 8} R.C. 2950.09(C)(1) requires that a court, in determining whether an offender is a sexual predator, "consider all relevant factors, including, but not limited to," the factors enumerated in R.C. 2950.09(B)(3). The factors listed in R.C. 2950.09(B)(3) are:
{¶ 9} "(a) The offender's * * * age;
{¶ 10} "(b) The offender's * * * prior criminal * * * record regarding all offenses, including, but not limited to, all sexual offenses;
{¶ 11} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed * * *;
{¶ 12} "(d) Whether the sexually oriented offense for which sentence is to be imposed * * * involved multiple victims;
{¶ 13} "(e) Whether the offender * * * used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
{¶ 14} "(f) If the offender * * * previously has been convicted of or pleaded guilty to * * * a criminal offense, whether the offender * * * completed any sentence * * * imposed for [said] offense * * * and, if the prior offense or act was a * * * sexually oriented offense, whether the offender * * * participated in available programs for sexual offenders;
{¶ 15} "(g) Any mental illness or mental disability of the offender * * *;
{¶ 16} "(h) The nature of the offender's * * * sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
{¶ 17} "(i) Whether the offender * * *, during the commission of the sexually oriented offense for which sentence is to be imposed * * *, displayed cruelty or made one or more threats of cruelty; [and]
{¶ 18} "(j) Any additional behavioral characteristics that contribute to the offender's * * * conduct."
{¶ 19} On appeal, we are required to examine the record to ascertain whether the trial court had sufficient evidence before it to satisfy the clear and convincing standard. State v. Jackson (June 29, 2000), Franklin App. No. 99AP-1250. At the predator classification hearing, the evidence considered by the trial court consisted of 11 exhibits, the testimony of Dr. Lai, and a statement made by appellant. The exhibits presented set forth the following synopsis relating to appellant's convictions.
{¶ 20} On a September night in 1990, appellant and another man forcefully grabbed the victim from outside of the club she worked at as she took out the trash. They then dragged her to a nearby abandoned building where they sexually assaulted her, repeatedly, over the next 12 hours. During the original trial, the victim testified that appellant had, at one point, put a pill in her mouth — allegedly a Valium, which she was able to hide and spit out later. And, appellant threatened to kill her on several occasions. Purportedly apprehensive that appellant actually intended to kill the victim, the other man finally helped her escape.
{¶ 21} Just over a month later, the second offense occurred. The victim alleged that when approached by appellant, who was a casual acquaintance, she agreed to accompany him to his apartment to talk. Shortly after arriving at the apartment, appellant removed his clothes and then forced her to disrobe and submit to rape. After she was raped, she returned home, told her husband what had happened, and reported the occurrence to the police. Appellant admitted that the intercourse occurred, but argued that it was consensual; appellant's roommate testified in support of that defense.
{¶ 22} Appellant's postsentence investigation report and Dr. Lai's psychological evaluation report reveal a criminal history dating back to the early 1980s. Albeit free of any other sexually oriented conduct, that history indicates that appellant was convicted of forgery on two different occasions — the second of which resulted in his serving a one-year sentence at Mansfield Correctional Institution. Appellant's record also revealed convictions for attempted assault, negligent assault and disorderly conduct. Several similar misdemeanor charges were dismissed.
{¶ 23} Dr. Lai's report detailed the course and results of her psychological evaluation of appellant. After reviewing his personal history, from childhood through incarceration, the report set forth the psychological tests that were administered, interpreted the ensuing results, and concluded with Dr. Lai's summary and recommendations. In her evaluation, Dr. Lai noted that appellant has been diagnosed as suffering from antisocial personality disorder, a psychological disorder in which personality characteristics, such as egocentricity and impulsiveness, are "deeply engrained" and "resistant to long-term change." She further explained that appellant's resulting scores on "The Static-99" and "The Minnesota Sex Offender Screening Tool-Revised (MnSOST-R)" — tests designed to measure an offender's level of risk for sexual offense recidivism — revealed that he is in the "high-risk" category. As to her conclusion, Dr. Lai stated that "there is a substantial risk of [appellant] committing future sexually oriented offenses if released into the community or provided the opportunity to have access to potential victims."
{¶ 24} The defense introduced a plethora of certificates commemorating appellant's participation in a wide array of rehabilitative and educational programs offered through the penal system. Completed courses included violence prevention, anger management, self-awareness, leadership seminars, substance-abuse step programs, and the attainment of his GED and an Associate Degree in Human Services. Appellant did not, however, complete or participate in any sex offender programs.
{¶ 25} After all the evidence had been presented, the trial court concluded that appellant should be deemed a sexual predator. In reaching its decision, the trial court specifically noted that "[t]here w[as] more than one conviction for sexual offenses, both rapes; there was cruelty displayed in both of them, especially [the first which] went on for hours; and then there's threats to killing; then the diagnosis of antisocial personality disorder; plus we have the Stat 99 and the Sex Offender Screening Tool," both of which place appellant in the "high risk category." (Tr. 42-43.) And, "with all these factors," the court found "that there is clear and convincing evidence of a substantial likelihood of reoffending." Id.
{¶ 26} Appellant argues that because there are other factors present that may tend to mitigate any likelihood of recidivism, the evidence to support such a finding is insufficient. For instance, considering his age under R.C. 2950.09(B)(3)(a), appellant contends that because he will be in his mid-forties when he is considered for parole, there is a decreased likelihood that he will reoffend upon release. And, in reference to R.C. 2950.09(B)(3)(c), appellant points out that both of his victims were adults — one 23 and the other 21 years old — and not children; therefore, the age of his victims should not indicate a high risk of recidivism. Appellant further touts his full participation in the institutional programs offered and his continued educational pursuits. These arguments, however, are not persuasive.
{¶ 27} When reviewing the factors enumerated for consideration in a sexual predator determination, it is important to note that there is no set number of factors that need to be present. Jackson; State v. Austin (Nov. 2, 2000), Franklin App. No. 00AP-184; State v. Maser (Apr. 20, 1999), Franklin App. No. 98AP-689. We recognize the factors are there to provide guidance, and "[t]he trial court may place as much or as little weight on any of the factors as it chooses." Maser.
{¶ 28} As the trial court noted in its decision, several of the enumerated factors speak in favor of adjudicating appellant a sexual predator. To reiterate, there were two separate convictions for rape, indicating both a prior offense under R.C. 2950.09(B)(3)(b), as well as the involvement of multiple victims under R.C. 2950.09(B)(3)(d). The first offense — involving several sexual assaults within a 12 hour time span and repeated threats of death — very clearly displayed cruelty. R.C. 2950.09(B)(3)(i). Though not specifically mentioned by the trial court, the first victim alleged that appellant put a Valium in her mouth (assumingly to calm her down during such a harrowing ordeal). R.C. 2950.09(B)(3)(e). Then, under R.C. 2950.09(B)(3)(j), there are several additional behavioral characteristics that are relevant to this determination. For example, there is appellant's diagnosis of antisocial personality disorder, supplemented by Dr. Lai's report and testimony explaining how this diagnosis affects appellant's likelihood to reoffend. Also, there were the tests administered by Dr. Lai — specifically designed to predict the level of risk for sexual recidivism — on which appellant's scores indicate that he presents a "high risk." Furthermore, as Dr. Lai explained at the hearing, those arguably mitigating factors pointed out by appellant were included in the calculation producing the "high risk" categorization. In other words, those issues do not lessen the resultant level of risk; instead, they were considerations actively taken into account in the scores of the tests. Lastly, it is worth noting that the trial court also considered facts weighing in appellant's favor, such as his own personal history and his laudable accomplishments in the institutional programs.
{¶ 29} Based on the foregoing, we find that there was clear and convincing evidence before the court to support a judgment classifying appellant as a sexual predator. Accordingly, appellant's single assignment of error is overruled, and the judgments of the Franklin County Court of Common Pleas are affirmed.
Judgments affirmed.
TYACK, P.J., and PETREE, J., concur.